IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARNELL ARAUS, :
:
    Petitioner :
:
v. : CIVIL NO. 4:15-CV-825
:
V. F. MOONEY, : (Judge Brann)
:
    Respondent :

# MEMORANDUM

MAY 3, 2017

## Background

Carnell Araus, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Coal Twp. Superintendent Vincent Mooney. Service of the petition was previously ordered.

Araus seeks federal habeas corpus relief with respect to a November 18, 2014 decision rendered by the Pennsylvania Board of Probation and Parole (Parole Board). The decision at issue, in part, recalculated Petitioner's maximum release date from February 26, 2019 to February 3, 2022 based on a finding that he was a convicted parole violator. See Doc. 1, ¶ 12. Araus explains that he was not given

1

credit for time spent confined as a technical parole violator from December 31, 2012 to June 11, 2014 and that period should have been applied against his maximum release date. Petitioner also contends that the Parole Board's calculation of his new reparole eligibility date constituted a double jeopardy violation.

Respondent seeks dismissal of the petition on the grounds that Araus failed to exhaust his state court remedies and his pending claims are meritless.

**Discussion**

Petitioner was found guilty of third degree murder on March 6, 1997 in the Court of Common Pleas of Philadelphia County, Pennsylvania and was sentenced to an eight and a half (8 ½) to twenty (20) year term of imprisonment. See Doc. 5-1, Exhibit 1. On December 13, 2004, the Petitioner was released on parole. See id. at Exhibit 2.

Araus was recommitted to prison on May 25, 2007 for violating the terms of his parole and his parole violation maximum date was computed to be June 19, 2016. Petitioner was released on parole for a second time on June 18, 2007. See id. at Exhibit 4.

On February 11, 2009, Araus was again recommitted for violating the terms of his parole. His parole violation maximum date was recalculated to be

September 4, 2017. Petitioner was granted release on parole for a third time on June 27, 2011. See id. at Exhibit 8.

Petitioner was retaken into custody following his December 31, 2012 arrest on new criminal charges. As a consequence of this new arrest, the Parole Board issued a detainer against Araus that same day. A March 13, 2013 Parole Board decision recommitted him as a technical parole violator pending disposition of the new criminal charges. Petitioner did not appeal that determination.

Following his June 11, 2014 entry of a guilty plea to charges of terroristic threats and simple assault, Araus was sentenced to a new term of imprisonment. Petitioner was recommitted to prison for an eighteen (18) month term as being both a technical and convicted parole violator by a Parole Board decision of September 11, 2014. See id. at Exhibit 11. The Parole Board further determined that Araus would not be eligible for reparole until December 11, 2015 and his parole violation maximum release date was set as being February 3, 2022. The Parole Board's decision was affirmed on November 18, 2014 following an administrative appeal. A petition for review filed by Araus was dismissed as untimely by the Commonwealth Court of Pennsylvania on January 12, 2015. See id. at Exhibit 15. Araus did not seek further review from the Pennsylvania Supreme Court.

**Exhaustion**

Respondent initially contends that the pending petition should not be allowed to proceed because Araus failed to both timely file an appeal with the Commonwealth Court and did not seek review from the Pennsylvania Supreme Court. See Doc. 5, p. 6. The Respondent concludes that Petitioner has procedurally defaulted his pending claims and as such they are precluded from consideration by this Court.

Federal courts generally refrain from considering the merits of a habeas corpus claim by a state prisoner unless the applicant has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the state courts must be given a fair opportunity to review allegations of constitutional error before a litigant seeks relief in federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). A petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first file a petition for administrative review with the Parole

Board within thirty (30) days of the mailing date of the challenged decision.  See 37 Pa. Code § 73.1(a).  After an administrative appeal to the Parole Board, a petitioner must next present his claims to the Pennsylvania Commonwealth Court.  See  42 Pa.C.S.A. § 763(a).  If dissatisfied with that result, a petitioner must then file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.  See 42 Pa.C.S.A. § 724;   Pagan v. Pennsylvania Bd. of Prob. and Parole, No. 08-0150, 2009 WL 210488, *3  (E.D. Pa. January 22, 2009).  If petitioner thereafter fails to seek review from the Supreme Court of Pennsylvania of  an unfavorable disposition by the Commonwealth Court, then the state claim is unexhausted.  See Williams v. Wynder, 232 F. App'x 177, 181 (3d Cir. 2007).

Undisputed evidence submitted by Respondent shows that Araus has failed to properly satisfy the exhaustion requirement.  While Petitioner exhausted an administrative claim with the Parole Board, he procedurally defaulted his pending arguments before the Commonwealth Court in that he failed to timely seek relief from that court.  For whatever reason, Araus never sought review from the Pennsylvania Supreme Court prior to filing this federal habeas petition.   As such, Petitioner is in procedural default for failure to comply with the Pennsylvania state filing requirements.  See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617 *2 (E.D.Pa. June 7, 2010) (internal quotations omitted). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001).

Here, Araus has neither established cause nor prejudice. Nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Accordingly, Petitioner's challenge to the Parole Board's time computations must be rejected on the ground

that he failed to properly pursue those issues in the state courts and has not established appropriate grounds for this Court to consider his claims in the first instance.

**Recalculation**

Notably, even if Araus had properly presented his claims to the state courts, he would not be entitled to federal relief. A court may deny a petition for habeas corpus, notwithstanding the petitioner's failure to exhaust state court remedies. See 28 U.S.C. § 2254(b)(2). Federal habeas corpus relief is awarded only when a state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. Petitioner contends that the Parole Board acted improperly when it recalculated his maximum release date on his original sentence and set his reparole eligibility date.

There are no facts presented showing that the issuance of a detainer by the Parole Board was the sole reason for Petitioner's incarceration following his arrest on new charges. Credit against a sentence only attaches when a detainer is the exclusive reason for an inmate's pretrial confinement. See United States v. Blankenship, 733 F.2d 433, 434 (6th Cir. 1984). Petitioner has not submitted any facts showing that he would have been released from custody following his

7

December 31, 2012 arrest on new criminal charges if not for the lodging of a detainer by the Parole Board. Since it has not been shown that the detainer was the sole reason for Araus' continued incarcerated following his arrest, there is no basis for federal habeas corpus relief.

Due to his own criminal behavior, Petitioner violated his parole and lost credit for the time he previously spent while released on parole. The challenged recalculation undertaken by the Parole Board complied with the § 6138(a) directive that, absent limited exceptions, a parolee convicted of a new criminal offense while on parole must serve the entire remaining balance of the original term, with no credit for time served on parole.[1] Since the Parole Board did not add any time onto Araus' original sentence, there is no basis for a finding that a judicially imposed sentence was altered. Moreover, it has been recognized that the challenged Pennsylvania parole statute is constitutional. See Markel v. Pennsylvania Board of Probation and Parole, Civil No. 1:12-1691, 2014 WL 1818076 *4 (M.D. Pa. May 7, 2014).

A review of the record show that Petitioner was sentenced to a nine (9) to twenty-four (24) month term of imprisonment on June 11, 2014 with respect to his

---

[1] It is also noted that parole revocation does not impose an additional sentence or otherwise constitute a double jeopardy violation. Snyders v. Giroux, Civil No. 15-521, 2016 WL 3456946 *4 (W.D. Pa. May 27, 2016).

8

new state criminal charges.  See Doc. 5-1, Exhibit 10.  Petitioner does not dispute that the period of post-arrest detention from December 31, 2012 to June 11, 2014 should have been applied against service of his new sentence.  Furthermore, a review of a submitted copy of the judgment of sentence shows that it includes a notation which provided that any sentence credit owed to the Petitioner would be calculated by the Philadelphia Prison System.  See id.

**Conclusion**

In sum, the Parole Board had the discretion under controlling Pennsylvania law to initiate a recalculation of Petitioner's maximum release date on his original sentence.  Second, Petitioner has not established that the challenged recalculation constituted an unreasonable application of clearly established Federal law.

Araus has not shown that the issuance of a detainer by the Parole Board was the sole reason for his incarceration following his arrest on new charges and any such period served should have been applied against service of the new state sentence.  Suffice it so say, there has been no showing by Petitioner that the Parole Board's recalculations were incorrect.  Consequently, there is no basis for federal habeas corpus relief.  An appropriate Order will enter.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge